**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4144**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS J. GENA, a/k/a Thomas Gena,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Cameron McGowan Currie, District Judge.  (3:05-cr-00303-CMC)

Submitted:  November 30, 2007      Decided:  December 17, 2007

Before TRAXLER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott W. Gross, Macomb, Michigan, for Appellant.   Reginald I. Lloyd, United States Attorney, Anne Hunter Young, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas J. Gena was named in a forty-four count indictment arising out of his operation of a tax return preparation business called "Tax Doctors," in Columbia, South Carolina.[*] The indictment charged that, between 2000 and 2004, Gena aided and assisted in the preparation of fraudulent tax returns for the tax years 1999, 2000, 2001, 2002, and 2003. The Government presented evidence establishing that Gena prepared at least twenty-six tax returns claiming dependent exemptions and earned income tax credits which the taxpayer/clients were not entitled to claim. Based on this evidence, the jury convicted Gena on all twenty remaining counts. The district court sentenced him to twenty-seven months imprisonment. Gena noted a timely appeal.

Effective for tax years beginning after December 31, 1999, a "qualifying child," for purposes of the Earned Income Tax Credit includes "an eligible foster child of the taxpayer." 26 U.S.C. § 32(c)(3)(B)(i)(III). An "eligible foster child" means an individual who "is placed with the taxpayer by an authorized placement agency" and "the taxpayer cares for as the taxpayer's own child." 26 U.S.C. § 32(c)(3)(B)(iii). Gena argues that the term "authorized placement agency" is not defined in the relevant sections of the Internal Revenue Code and, therefore, the statute

---

[*]All but twenty counts were dismissed on motion of the Government prior to trial.

is unconstitutionally vague.  Our review of the legislative history of the Ticket to Work and Work Incentives Improvement Act of 1999 reveals that the term "authorized placement agency" means a state agency or one of its subdivisions or a tax-exempt child placement agency licensed by the state.  We also find that the plain meaning of the statute would not include within its definition of "eligible foster child" a taxpayer's fiancé, boyfriend, girlfriend, roommate, siblings, parents or grandparents--each of which were claimed as foster children on the returns prepared by Gena.

Gena also challenges the sufficiency of the evidence to support his convictions. To obtain a conviction under I.R.C. § 7206(2), the government must prove the following elements beyond a reasonable doubt:  "(1) the defendant aided, assisted, or otherwise caused the preparation and presentation of a return; (2) that the return was fraudulent or false as to a material matter; and (3) the act of the defendant was willful." United States v. Aramony, 88 F.3d 1369, 1382 (4th Cir. 1996) (internal citation omitted).  We find that the evidence presented by the Government supported Gena's convictions. The Government established that Gena personally prepared at least twenty-six tax returns, each containing materially false information.  Moreover, the evidence was sufficient to support an inference of willfulness.  Gena personally interviewed his clients and therefore knew, or should have known, that the individuals he listed as foster children on

- 3 -

their returns did not qualify as such for purposes of the earned income credit. Accordingly, we affirm Gena's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED